### NEWMAN et al. v. OVERBAUGH et al.

(Supreme Court, Special Term, Rockland County. April 27, 1909.)

1. MORTGAGES (§ 25*)—FAILURE OF CONSIDERATION.
   There is a failure of consideration where a mortgage and accompanying bond are given on no other consideration than promises of the mortgagee, none of which he keeps.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 41; Dec. Dig. § 25.*]

2. MORTGAGES (§ 256*)—RIGHTS OF ASSIGNEE.
   An assignee of a mortgage and accompanying bond takes them, like any other chose in action except a negotiable note, subject to the equities between the parties.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 678; Dec. Dig. § 256.*]

3. MORTGAGES (§ 257*)—BONA FIDE PURCHASER.
   One taking an assignment of a mortgage and accompanying note in liquidation of an antecedent debt is not a bona fide purchaser for value.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 678; Dec. Dig. § 257.*]

Action by E. D. Newman and others against De Witt Clinton Overbaugh and others. Complaint dismissed.

Abram A. Damarest (E. T. Lovatt, of counsel), for plaintiffs.
Frank Comcsky (William McCauley, of counsel), for defendants.

TOMPKINS, J. The plaintiffs must fail in this action for the following reasons: The mortgage, for the sum of $10,000, which is sought to be foreclosed in this action, was given by the defendant Overbaugh to the defendant McCormick with the understanding and upon condition that McCormick should, in October, 1907, pay the first mortgage of $4,000 then covering the defendant's premises described in the complaint, and should deliver to the defendant Overbaugh 75 shares of the capital stock of the Commercial Fund, Incorporated, and should also pay to him an additional sum of $1,000, and upon the further

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

condition that the defendant Overbaugh should, within seven days from the delivery of the said mortgage, which was on June 12, 1907, be elected president of the said Commercial Fund, and that as such president the defendant Overbaugh should draw a compensation of not less than $35 per week, all of which McCormick agreed to do or bring about. None of the said conditions was fulfilled by the defendant Mc-Cormick. There was, therefore, no valuable consideration for the making and delivery of the said mortgage. The only consideration was the promises of McCormick, none of which was kept by him, so that in any event there was a failure of consideration. Besides, the evidence justifies and requires a finding that the said mortgage, together with the bond accompanying it, was procured by McCormick from Overbaugh by means of fraud, deceit, and false representations.

It would not be seriously claimed that McCormick could himself have enforced or collected the mortgage, or any part thereof. The question, then, is whether these plaintiffs, as assignees of the bond and mortgage to the amount and extent of $1,900, stand in any better position than would McCormick, were he the plaintiff. The plaintiffs are in the banking business in the state of Virginia, and it appears that on the 7th day of June, 1907, McCormick, who was acquainted with the plaintiffs, and for whom they had previously cashed checks drawn on other banks, drew a check for the sum of $1,900 upon the Continental Trust Company of Philadelphia, payable to his own order, and indorsed it, and procured the plaintiffs to cash it. Thereafter the check was protested by the trust company and returned to the plaintiffs, and was received back by the plaintiffs with notice of protest, on or about the 13th day of June, 1907. The mortgage in question was executed by the defendant Overbaugh and delivered to the defendant McCormick on the 12th day of June, 1907, for specific purposes, which were not carried out by McCormick, and on or about the 15th day of the same month the defendant McCormick, without the knowledge or consent of the defendant Overbaugh, sent by mail to the plaintiffs the bond executed by the defendant Overbaugh as aforesaid, and a copy of the said mortgage, and these papers were in that manner delivered to the plaintiffs by the defendant McCormick, and thereby assigned or transferred to secure payment of the said sum of $1,900 already due the plaintiffs upon said protested check.

The plaintiffs took the bond and mortgage subject to all equities between the original parties thereto, namely, the defendants McCormick and Overbaugh. In the case of Central Trust Company v. West India Company, 169 N. Y. 323, 62 N. E. 390, the Court of Appeals held:

"It is further the settled law of this state, though a different rule prevails, not only in England, but in the federal courts, and in some of the states, that a bona fide purchaser for value of a chose in action takes it subject, not only to the equities between the parties, but also to latent equities in favor of third persons."

So that, conceding that the plaintiffs took the said bond and mortgage as security for McCormick's indebtedness to them in good faith and without notice of the equities between McCormick and Overbaugh, they nevertheless took the assignment subject to those equities. That rule seems to apply in every chose in action, except in the case of a

negotiable promissory note, where the holder thereof is an innocent purchaser, for value, before maturity. So that the plaintiffs took the bond and mortgage subject to all the equities existing on the· 15th day of June, 1907, in favor of Overbaugh against McCormick. Besides, in this case, the bond and mortgage were assigned by McCormick ·to the plaintiffs to liquidate an antecedent debt, and, without any new consideration passing between the parties, the discharge of the antecedent debt did not operate to protect the plaintiffs against the outstanding equities in favor of the defendant Overbaugh. The plaintiff parted with no consideration at the time of or in reliance upon the assignment of the bond and mortgage to them by McCormick, and therefore the bond and mortgage in their hands are subject to the same defenses that Overbaugh might have asserted against McCormick, had he attempted to enforce their provisions.

For these reasons, the complaint must be dismissed upon the merits, with costs.